# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ROSSI M. POTTS, | : | | |
| | : | | |
| Plaintiff, | : | | |
| | : | Civil Action Nos.: | 04-1856 (RMU) |
| v. | : | | |
| | : | Document No.: | 36 |
| HOWARD UNIVERSITY, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### GRANTING THE DEFENDANT'S MOTION TO DISMISS

## I.   INTRODUCTION

This matter is before the court on Howard University's motion to dismiss.  The plaintiff brings this *pro se* suit claiming sex discrimination, retaliation, intentional breach of contract, obstruction, fraud, reliance, wrongful termination, as well as violations of various federal and state statutes stemming from Howard University's termination of the plaintiff's employment. Howard University, the defendant, moves to dismiss arguing that the plaintiff fails to state a claim upon which relief can be granted.  Def.'s Mot. at 3.  Because the plaintiff (1) brings claims that are time-barred, (2) failed to exhaust remedies under a binding collective bargaining agreement, and (3) fails to plead facts sufficient to state a claim, the court grants the defendant's motion to dismiss.

## II.   BACKGROUND [1]

The plaintiff served as an echocardiography technician for Howard University Hospital. Def.'s Mot. at 1.  As an employee of Howard University, the plaintiff was a member of Local 2094 of the American Federation of State County and Municipal Employees ("the Union").  *Id.* The Union and Howard University were parties to a Collective Bargaining Agreement ("CBA") dated September 28, 1992.  Def.'s Mot. Ex. A.  The CBA sets forth discipline and discharge procedures including a provision requiring mandatory arbitration for discharged employees aggrieved by their termination.  *Id.* at 30-33.

On April 19, 2002, Howard University terminated the plaintiff's employment.  Am. Compl. at 15-17.  The plaintiff alleges that he was "terminated for providing safety measures to a patient that was [sic] in compliance with Defendant's hospital policy and [Health Care Organization] standards."  *Id.* at 25.  Howard University contends that it terminated the plaintiff because he conducted himself "outside the boundaries of [his] job description."  Def.'s Mot. Ex. B.

The defendant did not provide the plaintiff with counseling, a reprimand in writing, or a notice of suspension before terminating his employment.  Am. Compl. at 19.  For his part, the plaintiff did not seek arbitration under the CBA, did not file a grievance with the Office of the Executive Director and did not bring a complaint before the District of Columbia Human Rights

---

[1]    On a motion to dismiss, the court must accept the plaintiffs' well-pleaded factual allegations as true, excluding those that are overbroad and unsupported by specific factual averments. *Pitney Bowes v. U. S. Postal Serv.*, 27 F. Supp. 2d 15, 19 (D.D.C. 1998).  In this case, though, because the amended complaint includes minimal background facts, the court will draw largely from the defendant's motion in constructing the background section of this opinion.  As always, however, the court will draw all justifiable inferences in the non moving party's favor.  *Macharia v. United States*, 334 F.3d 61, 67 (D.C. Cir. 2003).

Commission or the U.S. Equal Employment Opportunity Commission ("EEOC") regarding his termination.  Def.'s Mot. at 2.

Instead, between October 26, 2004 and September 29, 2005, the plaintiff filed four lawsuits in this federal district based on the same set of facts.  *Potts v. Howard Univ.*, Case No.: 04-1856 (D.D.C. Oct. 26, 2004); *Potts v. Howard Univ.*, Case No.: 05-1317 (D.D.C. June 30, 2005); *Potts v. Howard Univ.*, Case No.: 05-2103 (D.D.C. Dec. 3, 2004); *Potts v. Univ.*, Case No.: 05-1929 (D.D.C. Sept. 29, 2005).  Pursuant to Local Civil Rule 40.5, this federal judge has the honor of presiding over all of these cases.

On February 21, 2006, Magistrate Judge Robinson, with the plaintiff's consent, consolidated the four cases.  Pursuant to the consolidation, the plaintiff filed a consolidated amended complaint on March 21, 2006, Am. Compl., and on April 21, 2006, Howard University moved to dismiss the case for failure to state a claim, Def.'s Mot.  The court now turns to the defendant's motion.

## III.    ANALYSIS

### A.    Legal Standard for Motion to Dismiss for Failure to State a Claim

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests.  *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial

procedures established by the Rules to disclose more precisely the basis of both claim and

defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48

(internal quotation marks omitted).  It is not necessary for the plaintiff to plead all elements of his

*prima facie* case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or

"plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134,

136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Accordingly, "the accepted rule in every type of case" is that a court should not dismiss a

complaint for failure to state a claim unless the defendant can show beyond doubt that the

plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Warren*

*v. Dist. of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004); *Kingman Park*, 348 F.3d at 1040.  Thus,

in resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations –

including mixed questions of law and fact – as true and draw all reasonable inferences therefrom

in the plaintiff's favor.  *Macharia v. United States*, 334 F.3d 61, 64 & 67 (D.C. Cir. 2003); *Holy*

*Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292

F.3d at 242.  While many well-pleaded complaints are conclusory, the court need not accept as

true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual

allegations.  *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242.

A defendant may raise the affirmative defense of statute of limitations via a Rule 12(b)(6)

motion when the facts that give rise to the defense are clear from the face of the complaint.

*Smith-Haynie v. Dist. of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998).  Because statute of

limitations issues often depend on contested questions of fact, however, the court should hesitate

to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint.

*Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). Rather, the court should grant a motion to dismiss only if the complaint on its face is conclusively time-barred. *Id.*; *Doe v. Dep't of Justice*, 753 F.2d 1092, 1115 (D.C. Cir. 1985). If "no reasonable person could disagree on the date" on which the cause of action accrued, the court may dismiss a claim on statute of limitations grounds. *Smith v. Brown & Williamson Tobacco Corp.*, 3 F. Supp. 2d 1473, 1475 (D.D.C. 1998) (citing *Kuwait Airways Corp. v. Am. Sec. Bank, N.A.*, 890 F.2d 456, 463 n.11 (D.C. Cir. 1989)).

The court views pro se pleadings with considerable liberality and holds such pleadings to less stringent standards than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Under these liberal standards, a *pro se* complaint should not be dismissed unless the plaintiff cannot prove any facts to support the claim. *Showers v. Graham*, 1990 WL 265978 (D.D.C. 1990).

## B.   The Court Grants the Defendant's Motion to Dismiss the Plaintiff's Sex Discrimination, Retaliation and Wrongful Termination Claims

The plaintiff sets forth three counts of sex discrimination, reprisal, and wrongful termination under Title VII of the Civil Rights Act ("Title VII") and the District of Columbia Human Rights Act ("DCHRA"). Am. Compl., Count I (sex discrimination), Count II (retaliation), Count V (wrongful termination and retaliatory discharge). The defendant argues that none of these counts states a claim upon which relief can be granted and are barred by the applicable statute of limitations. Def.'s Mot. at 3.

Under Title VII, a litigant must file a complaint within one hundred and eighty days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). And under the

DCHRA, "any complaint . . . shall be filed . . . within 1 year of the occurrence of the unlawful discriminatory practice."  D.C. Code § 2-1403.04(a).

Here, the parties are in agreement that the defendant discharged the plaintiff from his employment on April 19, 2002.  Am. Compl. at 17; Def.'s Mot. at 1.  The plaintiff filed his first complaint against the defendant on October 25, 2004, more than two years after the discharge. *Potts*, Case No.: 04-1856.  Therefore, on the face of the complaint, the plaintiff acted outside of the statute of limitations in filing his claims under both Title VII and the DCHRA.  42 U.S.C. § 2000e-5(e)(1); D.C. Code § 2-1403.04(a).  Accordingly, the court dismisses the plaintiff's Title VII and the DCHRA claims.

### C.    The Court Grants the Defendant's Motion to Dismiss the Plaintiff's Intentional Breach of Contract Claim

The plaintiff sets forth an intentional breach of contract claim in Count III of his amended complaint.  Am. Compl. at 19.  The plaintiff brings this claim under Article XIII of the CBA which sets forth discipline and discharge procedures.  *Id.* at 19.  Under Article XIII, "disciplinary measures shall be taken in the following order: (1) Counseling (2) Reprimand (must be in writing) (3) Suspension (notice must be given in writing) (4) Termination (notice must be given in writing)."  Def.'s Mot. Ex. A at 30.

Article XIII also states, however, that "[i]n suspension and discharge cases the employee shall have the opportunity to file a grievance at the 3rd step of the grievance procedure."  Def.'s Mot. Ex. A.  Article XIV of the CBA, which governs grievance procedures, states that "[a] grievance shall be any dispute arising out of the terms of this Agreement."  *Id.*

The defendant argues that the plaintiff did not follow the grievance procedure under Article XIV.  Def.'s Mot. at 9.  It contends, therefore, that the court should dismiss the claims under Federal Rule 12(b)(6).  *Id.*  The court agrees.

An employee must allege that he exhausted any grievance procedures provided by a collective-bargaining agreement before filing suit.  29 U.S.C. § 185; *Chester Wash. Metro. Area Transit Auth.*, 335 F. Supp. 2d 57, 64 (D.D.C. 2004) (stating that because the plaintiff did not allege an attempt to grieve claims pursuant to a CBA, the plaintiff could not seek redress in court); *Woody v. Sterling Aluminum Prods., Inc.*, 365 F.2d 448, 452-453 (8th Cir. 1966) (holding that "individual employees wishing to assert contract grievances must *attempt* use of the contract grievance procedure agreed upon by employer and union as the mode of redress") (internal quotations omitted); *Brown v. Truck Drivers & Helpers Local Union*, 264 F. Supp. 776, 778 (D.M.D. 1967) (stating that because the plaintiffs did not allege that they tried to exhaust grievance procedures, they did not state a cause of action upon which the court could grant relief).  Here, the plaintiff alleges neither that he attempted to follow the remedies under the CBA nor that he exhausted available remedies under the CBA.  *Rippl v. United States*, 2006 WL 2024966, at *1 (D.D.C. July 17, 2006) (stating that failure to exhaust administrative remedies is properly analyzed as a failure to state a claim under Rule 12(b)(6)).  Although an employee may obtain judicial review without first exhausting remedies under a collective-bargaining agreement

if the employee alleges one of three exceptions,[2] *Chester*, 335 F. Supp. 2d at 64, the plaintiff does

not allege any of these exceptions in this case.

Because the plaintiff failed to exhaust his administrative remedies, the plaintiff has failed

to state a claim.  *Rippl*, 2006 WL 2024966, at *1.  Accordingly, the court dismisses the plaintiff's

breach of contract claims.

> **D.    The Court Grants the Defendant's Motion to Dismiss the Fraud,
>         Reliance, Racketeering, and Antitrust Claims**

The plaintiff sets forth fraud, reliance, racketeering, and antitrust allegations in Counts

IV, VI, VII, and VIII.  Am. Compl. at 21, 30, 33, 37.  These counts list numerous statutes

including the Antitrust Civil Process Act, 18 U.S.C. §1331 *et seq.*, the Racketeer Influenced and

Corrupt Organizations Act, 18 U.S.C. § 1962 *et seq.*, and the Sherman Act., 17 U.S.C. § 1 *et seq.*

The plaintiff, however, alleges no facts in his amended complaint supporting these claims.  Am.

Compl.  While the court should not dismiss a complaint "merely because the plaintiff's

allegations do not support the legal theory he intends to proceed on," the plaintiff does nothing

---

[2]     First, the employee may allege that his employer's actions effectively repudiated grievance procedures of a collective-bargaining agreement.  *See e.g.*, *DelCostello v. Int'l Bhd. of Teamsters*,  462 U.S. 151, 163-164 (1983); *Vaca v. Sipes*, 386 U.S. 171, 184-87 (1967); *Chester Wash. Metro. Area Transit Auth.*, 335 F. Supp. 2d 57, 64-65 (D.D.C. 2004).  Second, the employee may allege that his union wrongfully refused to pursue his grievance claim.  *See e.g. DelCostello*,  462 U.S. at 163-164; *Vaca*, 386 U.S. at 184-87; *Lusk v. Eastern Products Corp.*, 427 F.2d 705, 708 (4th Cir. 1970).  Finally, a party may obtain judicial review prior to exhausting the remedies in a CBA if the parties to the CBA did not intend it to be the exclusive mode of redress.  *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 658 (1965).  Grievance and arbitration procedures are the exclusive mode of redress unless "the parties to the collective bargaining agreement expressly agreed that arbitration was not the exclusive remedy."  *Id.*  Here, the CBA does not indicate that arbitration was not the exclusive remedy.  Def.'s Mot. Ex. A.

more than make legally conclusory statements with almost no factual support for any potential claim. *Barrett v. Tallon*, 30 F.3d 1296, 1299 (10th Cir. 1994) (internal quotations omitted). The court will not accept such legal conclusions cast as fact. *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242.

"Even at the pleading stage, a defendant deserves fair notice of the general factual background for the plaintiff's claims." *Stanziale v. Nachtomi*, 416 F.3d 229, 237. Because it is unclear what facts lead the plaintiff to claim the defendant engaged in fraud, reliance, and antitrust violations, the defendant does not have sufficient notice of the plaintiff's claim in Counts IV, VI, VII, and VIII. *Kingman*, 348 F.3d at 1040. Accordingly, the court dismisses these claims under Rule 12(b)(6).

**E.   The Court Grants the Defendant's Motion to Dismiss Claims Against the Union**

In Counts I, III, and VI, the plaintiff alleges discrimination, conspiration and breach of contract by the Union. Am. Compl. Court should grant dismissal under Rule 12(b)(6) only when the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren*, 353 F.3d at 37. Here, the plaintiff has failed to join the Union to the lawsuit. FED. R. CIV. P. 19(a)(1) (requiring joinder of a party without whom "complete relief cannot be accorded"). And because the Union is a target of the plaintiff's allegations, it is undoubtedly an indispensable party. *Primax Recoveries, Inc. v. Lee*, 260 F. Supp. 2d 43, 50 (D.D.C. 2003). The plaintiff has failed to join the Union to this lawsuit and, accordingly, the court dismisses his claims against the non-party Union. FED. R. CIV. P. 12(b)(7).

## IV.   CONCLUSION

For the foregoing reasons, the court grants the defendant's motion to dismiss.  An order consistent with this Memorandum Opinion is separately and contemporaneously issue, on this 4th day of January, 2007.

RICARDO M. URBINA
United States District Judge
